UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James F. Johnson,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **Civil No. 05-2504 RBW** |
| v. ) | **Related case: 05-2315 RBW** |
| ) | |
| **Warden Dennis Harrison, et al.,** ) | |
| ) | |
| **Respondents.** ) | |
| _____) | |

**RESPONSE TO COURT'S SHOW CAUSE ORDER**

Acting Warden Dennis Harrison and the District of Columbia, by and through undersigned counsel and the Office of the Attorney General, hereby responds to the Court's January 9, 2006 Show Cause Order.

On December 30, 2005, Petitioner filed a Petition for a Writ of Habeas Corpus. On January 20, 2006, Petitioner filed a Motion to Amend Original Petition for Writ of Habeas Corpus, which was granted by the Court. Primarily, Petitioner alleges that the United States Parole Commission did not provide him with a timely probable cause hearing or revocation hearing. Moreover, he challenges the notice given with respect to these hearings, the manner in which the revocation hearing occurred and the findings of the hearing examiner.

Previously, on December 1, 2005, Mr. Johnson filed a Complaint in Civil Action No. 05-2315 (RBW), captioned *James F. Johnson v. Anthony Williams, et al*. In that case, he filed a suit against Mayor Anthony Williams and various employees of the Court Services and Offender Supervision Agency. In that Complaint, Mr. Johnson appears to allege that actions taken by various CSOSA employees led to a violation of his rights. Specifically, he alleges that as a result of those named CSOSA defendants, a violator warrant was issued for his arrest and he was

1

brought before the U.S. Parole Commission for a probable cause hearing on four separate charges. Plaintiff also alleges that the Commission's hearing examiner, Donna McLean, found on September 2, 2005, that there was probable cause to support one of the four charges. The complaint also alleges that he did not receive a timely parole revocation hearing subsequent to this finding.

On February 8, 2006, on behalf of Mayor Williams, in Civil Action No. 05-2315 (RBW), undersigned counsel filed a Motion to Dismiss for failure to state a claim upon which relief can be granted for the following reasons: 1) the Complaint alleges no wrongdoing by Mayor Williams; 2) the plaintiff has not alleged any District policy or custom that caused him injury and, therefore, cannot recover in a suit against the Mayor in his official capacity pursuant to 42 U.S.C. § 1983; and 3) Mayor Williams is entitled to qualified immunity in a suit against him in his individual capacity. That motion remains pending before the Court.

In *Fletcher v. Reilly*, 433 F.3d 867 (D.C. Cir. 2006), the United States Court of Appeals for the District of Columbia Circuit reaffirmed the proposition that "[n]ormally, the only proper defendant in a habeas case is the petitioner's 'immediate custodian' - that is, the warden of the facility in which the petitioner is incarcerated at the time he files the habeas petition." *Id.* at 875. In *Fletcher*, the habeas petitioner was moved to another facility before the Court ruled on his petition and thus, his habeas petition named his former custodian and the chairman of the U.S. Parole Commission. The *Fletcher* Court noted:

> The National Capital Revitalization and Self-Government Improvement Act of 1997 ... transfers responsibility for the imprisonment of all felons convicted under the District of Columbia ("D.C.") Code from the city to the federal government. The Act also transfers authority over parole and reparole decisions from the District of Columbia Board of Parole ("Board") to the United States Parole Commission ("Commission").

*Id.* at 868-69.

The *Fletcher* Court determined that the Commission was properly named as a Respondent because "[t]he Commission has legal authority to effectuate Fletcher's release…" *Id.* at 875. A similar analysis is warranted in this case. Although the Petitioner is housed at the D.C. Jail, the District of Columbia does not have legal custody of the Petitioner. Due to the violator warrant and subsequent actions and findings made by the United States Parole Commission, the Commission alone is the entity that has legal authority to effectuate Petitioner's release. Therefore, no further response from the District or Acting Warden Harrison to the Court's Show Cause Order is warranted.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Holly M. Johnson /s/*
HOLLY M. JOHNSON [476331]
Section Chief
General Litigation Section III

*/s/ Dana K. DeLorenzo /s/*
Dana K. DeLorenzo [468306]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
Dana.delorenzo@dc.gov

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on <u>March 6, 2006</u>, a copy of the foregoing Response was mailed postage prepaid to:

James F. Johnson, DCDC No. 119-202
D.C. Jail
1901 D Street, SE
Washington, DC 20003

                                        */s/ Dana K. DeLorenzo /s/*
                                        Dana K. DeLorenzo
                                        Assistant Attorney General