# **Exhibit E**



**Court Services and Offender Supervision Agency
for the District of Columbia**

*General/Special Supervision
Sex Offender Unit Team 52*

### REQUEST FOR MODIFICATION(S) OF RELEASE CONDITIONS

February 27, 2004

John Taberski
Community Supervision Officer
300 Indiana Ave., NW, Room 2100
Washington, DC 20001

Deidre Jackson
Case Analyst
U.S. Parole Commission
5550 Friendship Boulevard, Suite 420
Chevy Chase, Maryland 20815

                                                                  **RE: James Johnson**
                                                                  DCDC: 119-202
                                                                  Register: 07561-016
                                                                  Action Requested: Modification(s) of release
                                                                   conditions

        James Johnson was re-paroled on October 10, 2003. His full term date is
July 7, 2007. Mr. Johnson's criminal record includes Rape While Armed (minor victim), Assault with a Dangerous Weapon (minor victim), and Carrying a Pistol Without a License. Dr. Michael Lavin, Ph.D., of the Augustus Institute, indicated Mr. Johnson is in the medium-high risk category of sexual offenders, based on assessment that was completed on February 24, 2004.

        In addition to Mr. Johnson's prior criminal record and risk level for sexual re-offense, this officer learned of other recent behavior on the offender's part that suggests he presents grave threat to the community, namely minors. On February 26, 2004, this officer conducted a home visit to the offender's new residence as of February 25, 2004 (2632 Wade Road, SE, Apt. 11, Washington, DC). There was no answer at Mr. Johnson's door but there was a sign that read, "Cable and furniture delivery, go to apartment 22 for keys to get in." This CSO visited apartment 22 where the door was answered by a 13-year-old boy named, "A.J."

        This CSO asked the boy if he knew the man in apartment 11, to which he replied, "Yeah, that's Mr. Johnson, the CIA guy." This CSO asked further questions and the boy stated the offender entered his apartment earlier that morning, and has had previous contact with him and his siblings (ages one, two, and four). This CSO asked if the boy's parents were home, and he stated they were not. The younger children were only partially clothed, wearing shirts with no pants. One of the children was completely naked. This CSO called 911 and made a report of the unsupervised children, and the purpose of the visit to the offender's apartment complex. This CSO told the MPD dispatcher the offender's convictions, registered sex offender status, and alleged contact with the minor children.

*300 Indiana Avenue, NW, Room 2010, Washington, DC 20001
Voice: (202) 585-7430   Fax: (202) 585-7497*

E

After speaking to the MPD dispatcher, this CSO observed a woman entering the apartment building occupied by the children and the offender. This CSO asked the woman if she lived there, and she stated lived in the building and the aforementioned children belonged to her. The woman stated her name is Tina Rogers, and her children are A.J. (age 13), Sean (age 4), Amber (age 2), and Megan (age 1). Ms. Rogers stated the offender has given money to her son, Sean, on more than one occasion. She stated the offender has made lewd comments to at least one adult woman in the apartment building, such as "I want to lick you up and down." She stated the woman was repulsed by the comment, but did not wish to make a big deal out of it.

This officer also spoke to Brenda Martin, legal guardian of the offender's daughter, Jasmine Wilson-Johnson (age 13) on February 26, 2004. Ms. Martin stated the offender frequently spends time with Jasmine and her cousin, Catrina Wilson (age 14). According to Ms. Martin, the offender frequently brings Jasmine and Catrina home late in the evening. She also stated he "carries an ID that says he is an investigator," and indicated the most recent time she observed the ID in his possession was in January of 2004. This information, along with the unsolicited comment from the boy who referred to the offender as "the CIA guy," gives substantial reason for suspicion that he is misrepresenting himself to minors for the purpose of impressing or grooming them.

Furthermore, Supervisory Community Supervision Officer, Paul S. Brennan, learned from talking to Ms. Martin and the offender's daughter that he had contact with his daughter and Katrina Wilson the day after SCSO Brennan and I instructed the offender not to have unsupervised contact with his daughter or any minor unless approved in advance by this office. Ms. Martin and his daughter stated also that he was to pick her up today to spend time with him alone in his apartment and that they intended to have a "sleep over" with his daughter's friends Saturday, 2/28/04. They added that the offender has purchased his daughter a cell phone, clothes and underwear. His daughter also related that the offender has made comments about her body that seemed inappropriate and on one occasion attempted to touch her on her leg; an attempt that was thwarted when she slapped his hand away.

Mr. Johnson's recent behavior, coupled with his criminal record, which includes a prior sex offense, illustrates he is a dangerous sexual offender who has not yet begun to take a serious approach at rehabilitation. In order to properly address the offender's issues while ensuring the safety of people throughout the community, it is respectfully requested that his parole conditions be modified to include:

1. **You shall not have any association or contact of any kind with minor children, whether in your residence, employment, social, or other activities, without the approval of your Community Supervision Officer.**
2. **You shall be subject to the Special Sex Offender Aftercare Condition. You shall participate in an inpatient or outpatient mental health program as directed by your Community Supervision Officer, with special emphasis on long-term sex offender testing and treatment. You are expected to acknowledge your need for treatment and to participate in good faith in achieving the program goals that will be established for you.**
3. **Special Search Condition to allow CSOSA to conduct searches of his person property and abode, at a reasonable time and manner by CSO, in order to determine if he continues to have contact with minors or possesses items used to groom minors.**

Approved By: _____ Date: 2/27/04
Paul S. Brennan, Supervisory CSO
(202) 585-7487

**U.S. Department of Justice**
**United States Parole Commission**

**EXPEDITE**

**Modification of Release Conditions**

Name: James Johnson          Reg. No: 07561-016

To: United States Parole Commission          DCDC No: 119-202

It is recommended that the U.S. Parole Commission modify the conditions of release of the above-named person by the addition or revision set forth below. By copy of this proposal, NOTICE is hereby given to the releasee, who may object or comment to the Commission within ten days after he receives this NOTICE. If the Commission approves the proposed modification, it shall become effective not later than twenty-one days following the ten-day period referred to above.

1. You shall not have any association or contact of any kind with minor children, whether in your residence, employment, social, or other activities, without the approval of your Community Supervision Officer.

2. You shall be subject to the Special Sex Offender Aftercare Condition. You shall participate in an inpatient or outpatient mental health program as directed by your Community Supervision Officer, with special emphasis on long-term sex offender testing and treatment. You are expected to acknowledge your need for treatment and to participate in good faith in achieving the program goals that will be established for you.

3. Special Search Condition to allow CSOSA to conduct searches of your person, property and abode, at a reasonable time and manner by your CSO, in order to determine if you continue to have contact with minors or possess items used to groom minors.

_____          _____
Community Supervision Officer                    Date

**To Be Completed By Releasee:**

_____ I hereby waive the ten-day waiting period and agree to the proposed modifications of conditions.
(Initials)

_____ I object to the proposed modifications of conditions and my reasons are stated on the reverse side of
(Initials)  this form.

_James Johnson_                                                  Date 2/27/04
Releasee

Instructions: Original of this form to U.S. Parole Commission; copy to releasee; copy retained by Supervision Officer. A Notice of Action will be sent to the Supervision Officer by the Commissioner, with a copy for the releasee.

U.S. Parole Commission Comments: Although subject's RAPE conviction happened in the 1970's and his current offense does not contain sexual misconduct (CPWOL), based on information obtained by the SCSO, I concur w/ above recommendations. DMJ 3/1/04

_____ The above modification/addition of release conditions is ordered to be effective immediately or effective
(Initials) _____
              (date)

_____ The above modification/addition of release conditions is denied.
(Initials)

_____          3-1-04
Commissioner                                    Date

my daughter, my niece, my niece's daughter, and my daughter's aunt, Ms. Peggy Wilson, & my daughter's guardian, Mrs. Brenda Martin, have all been in my presence, some I have lived with, all known and witnessed by my parole supervisors, and never, in nearly 30 years since the date of this one time criminal act, have any one ever complained of my being at risk of abusing any child. All has been under care of another adult and the court has authorized weekend visits with my daughter under supervision of Mrs. Martin (202 213 3595) since I had this criminal act and that court, here in the District of Columbia Oct, 1990 – Nov. 1990, well knew of this criminal act date 1974. However, I shall continue to have an adult monitor at all times when there is any child in my presence. The U.S. Parole Commission had never made this a condition of my parole.

In God We Trust

James Johnson
2/27/04