# Exhibit H

Case 1:05-cv-02504-RBW     Document 8-9     Filed 04/03/2006     Page 1 of 5

# Memorandum

| | |
|---|---|
| **Subject**<br>Warrant Execution Instructions Regarding:<br>Johnson, James<br>Reg. No. 07561-016<br>DCDC No. 119-202 | **Date**<br><br>August 3, 2005 |
| **To**<br><br>U.S. Marshal<br>District of Columbia - District Court<br>333 Constitution Ave., N.W., Room 1400<br>Washington, D.C. 20001<br>Warrants - Attn: Sean McLeod | **From**<br><br>Deirdre Jackson<br>Deputy Case Services Administrator<br>U.S. Parole Commission |

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named parolee. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

Please assume custody as soon as possible.

If the parolee is already in the custody of federal, state, or local authorities, do not execute this warrant. Place a detainer and notify the Commission. Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence. If after executing this warrant, it is determined that another arrest warrant for the parolee has been executed or was outstanding at the time this parole violator warrant was executed, the arresting officer may, within 72 hours of executing this warrant, release the parolee to the other arrest warrant and place the violator warrant as a detainer. The arresting officer shall promptly notify the Commission of this action.

If the prisoner is sentenced to a new federal, state or local term of imprisonment, place the warrant as a detainer and indicate the institution designated for service of sentence.

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy of the Warrant Application to the Community Supervision Officer as soon as practical after taking custody; and (3) advise the Parole Commission and the Community Supervision Officer that the subject is in custody (noting the place of confinement and the date warrant was executed).

When prisoner is returned to the designated institution, leave one Warrant and one Warrant Application with the Warden.

**COMMUNITY SUPERVISION OFFICER:** Please keep the Commission advised of all further developments in this case. If there has been a conviction of an offense committed while under supervision for which a term of imprisonment is authorized by law (even if no term of imprisonment is imposed in this case), do not conduct a preliminary interview unless the Parole Commission specifically orders that one be conducted.

Enclosure

cc: D.C. Court Services and Offender Supervision Agency
    Special Projects Unit
    300 Indiana Avenue, N.W., Suite 2076
    Washington, D.C. 20001

DMJ

**U.S. DEPARTMENT OF JUSTICE**  
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**  
D.C. Code Offender

Name .................................. Johnson, James

Reg. No .......................... 07561-016  
DCDC No ......................... 119-202  
FBI No ............................... 981257C  
Birth Date ......................  
Race .................................. Black

Date .................................. August 3, 2005  
Termination of Supervision ...... 6/23/2007  
[If Conviction Offense Before April 11, 1987 And Offender Is On Mandatory Release, Termination Date Is 180 Days Prior To Full Term]  
Violation Date ............................. 1/20/2004  
Released ................................... October 10, 2003

Sentence Length ............ 11 years (DC Omnibus)  
Original Offense .............. Carrying a Pistol without a License; Possession of an Unregistered Firearm

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**

**Charge No. 1 - Association with Person Having Criminal Record.** While acting as a criminal investigator, the releasee associated on 1/20/2004, 3/23/2005 and 4/9/2005, with persons with prior felony convictions. This charge is based on the information contained in the violation report dated 6/16/2005 from supervising officer Anthony Hinton and information from D.C. Department of Corrections.  
I ADMIT [ ] or DENY [ ] this charge.

Johnson, James

Charge No. 2 - Violation of Special Condition (Prohibited Contact with Minors). On 3/15/2004 & 3/16/2004, the subject visited his minor daughter without the approval of his CSO or the USPC. This charge is based on the information contained in the violation report dated 6/16/2005 from Community Supervision Officer Anthony Hinton.
I ADMIT [ ] or DENY [ ] this charge.

Charge No. 3 - Failure to Cooperate Fully with those Responsible for Supervision. On 7/13/2004 the releasee stated to his CSO, "I will follow the conditions that I chose to follow". When the CSO asked what conditions he had been following, the subject refused to provide an answer. This charge is based on the information contained in the violation report dated 6/16/2005 from supervising officer Anthony Hinton.
I ADMIT [ ] or DENY [ ] this charge.

Charge No. 4 - Law Violation – a) Operating After Suspension; b) Failure to Report Arrest/Contact with Law Enforcement. On 5/18/2005, the subject was arrested by the Washington Metropolitan Police for the above-cited offense. The subject failed to report this contact to his supervision officer. This information is contained in the violation report dated 6/16/2005 from Community Supervision Officer Anthony Hinton with attached documentation. Status of Custody/Criminal Proceedings: Nolled 6/24/05.
I ADMIT [ ] or DENY [ ] this charge.

Probable Cause Hearing Is Required

Warrant Recommended By:

Warrant Issued................... August 3, 2005

Deirdre Jackson, Deputy Case Services Administrator
U.S. Parole Commission

Community Supervision Office Requesting Warrant: Sex Offenders' Supervision-Team 13, 300 Indiana Avenue

Johnson, James
Reg. No. 07561-016    DCDC No. 119-202

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

---

To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:

WHEREAS, Johnson, James, Reg. No. 07561-016, DCDC No. 119-202, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 11 years (DC Omnibus) for the crime of Carrying a Pistol without a License; Possession of an Unregistered Firearm and was on October 10, 2003 released on parole from Estill FCI with 1352 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on August 3, 2005

_____
U.S. Parole Commissioner

---

Johnson, James
Reg. No. 07561-016   DCDC No. 119-202