# **Exhibit I**

# D.C. PROBABLE CAUSE HEARING DIGEST

Name..............................: **Johnson, James**
Reg. No. ..........................: **07561-016**
Type of Release ............:**Parole**
Full Term Date When Warrant Issued..: **6/23/2007**

Date Warrant Executed.: 8-17-05
Hearing Date .........: 9-02-2005 cont
Examiner................: McCann
Supervision Officer: **Anthony Hinton**

## Attorney at Probable Cause Hearing:

[ ] PDS [X] Other [ ] None

Name E. Scott Frison, Jr.

Address 2465 Alabama Ave SE
Washington, DC 20020

Phone 240-398-9283 Fax numbers (202) 678-8100 office (301) 805-6591 home

## Attorney Representing Subject at Revocation Hearing:

[ ] PDS [X] Other [ ] Unknown

Name Same as Above

Address ____________________

____________________

Phone ____________________

## I. Items Advised *(Check that the subject has been advised of the following two rights)*:

[X] Advised of Right to a Probable Cause Hearing [X] Advised of Right to Attorney

## II. Reason For Not Conducting Probable Cause Hearing

*(If Probable Cause Hearing not conducted, indicate the reason)*:

[ ] Postponed to Next Docket *(If so, provide reason for postponement and omit rest of form.)*

[ ] At Request of Attorney/Prisoner [ ] Prisoner Unavailable

[ ] Other Reason: ____________________

[ ] Combined Probable Cause/Revocation Scheduled *(If so, skip to VI, Revocation Hearing.)*

I

## III. Review of Charges

**Charge No. 1 - Association with Person Having Criminal Record.**

[ ] **ADMITS** [X] **DENIES**

The Subject's Response:
Per Atty - the Subj has a Valid Investigator License he was working on behalf of an Atty + Judges Order to complete the assignments he was involved He was not interacting w/Individuals for the purpose of Continuing Criminal Activity.

[X] **Probable Cause Found.** After considering the violation report dated 6/16/2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

[ ] **No Probable Cause Found**

**Charge No. 2 - Violation of Special Condition (Prohibited Contact with Minors)**

[ ] **ADMITS** [X] **DENIES**

The Subject's Response:

[ ] **Probable Cause Found.** After considering the violation report dated 6/16/2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2. Additional reasons for probable cause finding:

[X] No Probable Cause Found Issue Addressed w/ Sanction of GPS Monitoring. - No add'l conduct noted w/ Charge.

**Charge No. 3 - Failure to Cooperate Fully with those Responsible for Supervision**

[ ] **ADMITS** [X] **DENIES**

The Subject's Response:

-Incident referenced On Viol. Charge - Subj. states he was not sure how to answer CSO or SCSO Questions - So he stayed Silent on the Issue - Atty - refer pg 10 of RAN - Subj. Report Regularly; No Dirty Urines; No evidence of new Criminal Activity...

[ ] **Probable Cause Found.** After considering the violation report dated 6/16/2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3. Additional reasons for probable cause finding:

[X] **No Probable Cause Found**

**Charge No. 4 - Law Violation – a) Operating After Suspension; b) Failure to Report Arrest/Contact with Law Enforcement**

(A) [ ] ADMITS [X] Denies

(B) [X] **ADMITS** [ ] **DENIES**

The Subject's Response:

However, did report - CSO unavailable when reported 5/18 & 5/24/05 - advised CSO as early as he could report the Incident. - Furthermore, felt arrest was not a Violation as dismissed because he had a Valid [illegible]

OK

[X] **Probable Cause Found.** After considering the violation report dated 6/16/2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 4. Additional reasons for probable cause finding: [illegible]

[X] **No Probable Cause Found** (Both Charges A/B) - Charge Dismissed - Valid Drivers License verified. -

## IV. Additional Charges:

## V. Outcome of Probable Cause Hearing:

[ ] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[ ] **No Probable Cause Found** for any charge. **Discharge from Custody** immediately and

[ ] **Reinstate** to Supervision or [ ] **Close Case** *(If expiration date has passed)*

[X] **Probable Cause Found** on one or more charges. Recommend **Reinstate to Supervision** and

[ ] **Summon** to revocation hearing or [X] **Terminate** revocation proceedings

Reason for Release/Summons:

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject: This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form). Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Anthony Hinton
Status: __X__ **Approved** _____ **Not Approved** _____ **Pending Further Review**

## VII. Adverse Witnesses Requested by Subject:

Name:____________________
Address:____________________
Phone No.____________________
Status: [ ] Denied at PC Hearing [ ] Approved at PC Hearing [ / ] Pending Further Review
Reason for Denial:____________________

Name:____________________
Address:____________________
Phone No.____________________
Status: [ ] Denied at PC Hearing [ ] Approved at PC Hearing [ ] Pending Further Review
Reason for Denial:____________________

Name:____________________
Address:____________________
Phone No.____________________
Status: [ ] Denied at PC Hearing [ ] Approved at PC Hearing [ ] Pending Further Review
Reason for Denial:____________________

## IX. Revocation Hearing:

[ ] Local Revocation or [ ] Combined Probable Cause/Local Revocation on:

**Location:** [ ] CTF [ ] DC Jail **Date:**__________ **Time:** [ ] am [ ] pm

[ ] Other at ____________________

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note: A continuance must be requested in writing. You may submit your requests via e-mail. E-Mail Address: continue.hearing@usdoj.gov**

**May Qualify for an Expedited Offer:** [ ] No [X] Yes (If yes, please have releasee sign below)

If the Commission approves a proposal of expedited revocation, I waive the 20-day waiting period for the submission of comments. [ ] No [X] Yes (If not Release)

[signature] 9/2/05

*Attorney/Prisoner* *Date*

*Additional Text:*

Donna A. McLean 9/2/05

*Examiner* *Date*

**Disclosure Documents:** Warrant dated 8/3/05, Warrant Application dated 8/3/05, Supplemental Warrant Application dated n/a (only if applicable), Violation Report dated 6/16/05 with attachments, Parole Certificate dated 10/10/03, Pre-Sentence Report; 9/22/05 memo

**I acknowledge having received the above disclosure documents and a copy of this document.**

[signature] 9/2/05

*Attorney/Prisoner* *Date*

**Johnson, James**
**Reg. No. 07561-016 DCDC No. 119-202**

U.S. DEPARTMENT OF JUSTICE
United States Parole Commission
Chevy Chase, MD 20815

Probable Cause and Revocation Hearing Form for D.C. Code Parolees or Releasees Arrested in the District of Columbia

# PART ONE

*Instructions:* This part is to be completed at the initial visit of the hearing examiner following the arrest of an alleged parole, mandatory release, or supervised release violator within the District of Columbia on a warrant issued by the United States Parole Commission. The following explanation of the Commission's procedure and the alleged violator's legal rights must be read and acknowledged by the parolee or releasee, and a copy provided to him.

## Notice of Procedural Rights – Probable Cause Hearing

As an alleged parole, mandatory release, or supervised release violator who has not been convicted of a criminal offense committed while under supervision, you shall be given a probable cause hearing within five days of your arrest on a violator warrant. The purpose of the hearing is to determine whether probable cause exists for the charged violations. At this hearing, each charge on the warrant application will be read to you, and you will be apprised of the information supporting those charges. You will be asked to admit or deny each charge and you may explain or clarify your admission or denial to the hearing examiner.

You may be represented at your probable cause hearing by an attorney. If you cannot pay for the services of an attorney and desire legal assistance, you may request the D.C. Public Defender Service to assign an attorney to represent you at your probable cause hearing. The hearing examiner will furnish you with a request form, and will send it to the Public Defender Service. If you waive representation by an attorney at your probable cause hearing, you may, at the conclusion of the hearing or no later than 15 days prior to a revocation hearing, complete the form to request assignment of an attorney by the Public Defender Service.

You may present the testimony of voluntary witnesses and documentary evidence in defense of the charges against you. If you deny violating the conditions of release and have not been convicted of a crime while on release, you may request the presence of adverse witnesses, i.e., those persons who have given evidence that you violated your conditions of release, and question those witnesses at the hearing, unless good cause is found to deny the appearance of such witnesses.

At the conclusion of the hearing, the examiner will determine whether probable cause exist[s] for the charge(s). If no probable cause is found for all charges, the examiner will order you[r] release from custody on the violator warrant. If probable cause is found for any charge, yo[u] will remain in custody and the examiner will set the date for a local revocation hearing if yo[u] qualify for such a hearing (as opposed to a revocation hearing at a federal institution). Notwithstanding a finding of probable cause, the hearing examiner may recommend you[r] release pending a revocation hearing or recommend your release because revocatio[n] proceedings should be terminated. In such cases, a Parole Commissioner will make th[e] decision on your continued incarceration.

*OPPORTUNITY TO REQUEST POSTPONEMENT OF PROBABLE CAUSE HEARIN[G]*
The probable cause hearing will be held at this time unless you request postponement of th[e] hearing in order to request representation by an attorney and/or the appearance of a witnes[s]. If you desire the presence of a voluntary witness at the probable cause hearing (or

I page 7

subsequent revocation hearing), you are responsible for the attendance of the witness at the appropriate time and place. When a hearing is postponed to obtain witnesses, the Commission usually orders a combined probable cause and local revocation hearing.

I have read (*or had read to me*) the above explanation of the Commission's probable cause procedure, and I fully understand my legal rights under that procedure. (*Initial one of the choices below:*)

**(A) ( X ) I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING AT THIS TIME.**

**(B) ( ) I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEARING IN ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).**

James Johnson 9/2/03

(Signature of Parolee or Releasee) (Date)

## PART TWO

*Instructions:* This part is to be completed at the conclusion of the probable cause hearing. The explanation below must be read and acknowledged by the alleged violator, and a copy provided to him.

## Notice of Procedural Rights – Revocation Hearing

*OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HEARING.* The Commission will order an institutional revocation hearing unless you request, by completing this form, a local revocation hearing. An institutional revocation hearing may be held in the District of Columbia or in any federal prison to which you are transferred following the finding of probable cause. The Commission will grant a request for a local revocation hearing if both of the following conditions are met: (a) you were not convicted of an offense while under supervision, and (b) you deny all of the charges against you. In other cases, the Commission will only order a local revocation hearing if it finds good cause to do so.

In support of any request for a local revocation hearing, you should indicate any witnesses you plan to present at the revocation hearing and any adverse witnesses you wish to appear. Such adverse witnesses will be presented unless good cause is found to deny your request for their appearance. In addition, you may, prior to a local revocation hearing, request that the Commission require the attendance under subpoena of favorable witnesses who have refused to appear voluntarily. Such request will be granted provided you are able to show that the appearance of such favorable witnesses is necessary to the proper disposition of your case and that their testimony cannot be obtained by other means. If the Commission orders an institutional revocation hearing, this will not alter your right to be represented by an attorney, or to present voluntary witnesses or documentary evidence. However, the Commission will not request the presence of adverse or other witnesses at an institutional revocation hearing.

I 8

If the Commission orders a local revocation hearing, such hearing will be held within s days of the probable cause finding. If the Commission orders an institutional revoca hearing, such hearing will be held within ninety days of the date you were retaken on Commission's warrant. If you request postponements of revocation proceedings or t actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

( ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM N ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT I M BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTION REVOCATION HEARING IS ORDERED.

(X ) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORDER RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A LOC HEARING ARE AS FOLLOWS:

X James Johnson — (Signature of Parolee or Releasee)

Donna A. McLean — (Signature of Hearing Exami

9/2/05 — (Date)

9/2/05 — (Date)

Parolee requested the assistance of counsel, E. Scott FRISON, JR, Bar No. 478092 at his probable cause hearing. Such assistance was provided on Sept 2, 2005.

x James Johnson

x [signature]
FRISON

I9