# Exhibit M

# HEARING SUMMARY

Name: Johnson, James                                   Reg No: 07561-016

## Hearing Parameters

| | |
|---|---|
| Hearing Type | **Revocation (Local)** |
| Hearing Date | 11/28/05 |
| Examiner | Jeffrey S. Kostbar |
| Institution | D.C. Correctional Treatment Facility |
| Second Designation | None |

## Sentence Parameters

| | |
|---|---|
| Sentence Type | **DC Parole Eligible** |
| MR/Statutory Release Date | 8/31/2008 |
| Full Term Date | 4/29/2009 |
| Months in Custody | as of |
| Detainer | None |

## Warrant Parameters

| | |
|---|---|
| Supervision | **Parole** |
| Revoking District & Office | Washington, DC |
| Warrant Execution Date | 8/17/05 |
| Probable Cause Date | 9/2/05 |

**Additional text regarding the above parameters:** None

---

**Prior Action:** The subject was sentenced in 1976 in the DC Superior Court to 6-30 years of imprisonment for Rape. He was paroled in 1982.

He received a new 8-year term on 3/4/85 in DC Superior Court for Carrying a Pistol without a License and Possession of a Controlled Substance.

On that same date in 1985 he received a 12-year sentence for Possession with Intent to Distribute a Controlled Substance and received a 3-year term of special parole.

He was paroled from his aggregate sentences on 2/4/89 and was to remain under supervision until 12/4/96. The subject received an additional conviction in 1992 for Possession of Drug Paraphernalia. The subject was subsequently convicted of Carrying a Pistol without a License in 1995 and was sentenced to 40 months to 10 years. The sentence was suspended and the subject received a 5-year term of probation.

Johnson, James, Reg. No. 07561-016                                              Page 1 of 6

The subject's parole was subsequently revoked by NOA dated 8/14/95 and he was reparoled on 12/20/96.

The subject's probation was revoked on 2/18/97 for the 1994 case of Carrying a Pistol without a License. He was most recently paroled on 10/10/03. He looked at his sentence computation provided by this examiner indicates that the subject owes 3 years 8 months and 13 days. His warrant was executed on 8/17/05 and he will have a Full Term/MR Date of 4/29/09 if not paroled sooner.

**Counsel:** Waived.

**Witnesses:** CSO Hinton.

**Procedural Considerations:** There are numerous procedural considerations to report in this case.

There was some confusion on the docket. James Johnson, DC No. 119-202, our offender, was scheduled for today's hearing and was present. However, the attorney listed on the docket was Leila Thamer. It was discovered that Ms. Thamer is the representative for a different James Johnson currently incarcerated in this institution and also undergoing parole revocation proceedings. Consequently, James Johnson's Court Appointed Attorney (the Federal Public Defender Service excused itself from this case), E. Frison, Jr., was not present at CTF for today's hearing. It was not clear if Mr. Frison had been notified he was to conduct this hearing or whether he simply was unable to attend. Given the confusion in the name of the attorney on the docket, this examiner believes that Mr. Frison was not notified of today's hearing.

This examiner did inform Mr. Johnson of this fact and that I was intending to send him back to his cell and that we would schedule this hearing for sometime in the future as there had been this administrative error and his attorney was not present. He indicated to me that he wanted today's hearing and that he wanted it without an attorney.

This examiner brought him into the room with CSO Hinton present. I explained to him off the tape that he had already requested and been assigned an appointed attorney. That the only way he could proceed with today's hearing was if he voided that prior request and indicated that he wanted to proceed with his Local Revocation Hearing without either a retained or appointed counsel. He maintained that this is exactly what he wanted to do. I told him that I would then turn on the tape and we would proceed with the opening statement and that he would fill out the Assignment of Counsel Form rejecting appointment of counsel and he would also verbally verify everything that he had told me on the tape. He did this. Thus, he is verbally waiving his previously appointed counsel and his right to counsel at today's hearing and he has done this in writing. Consequently, this examiner proceeded with today's hearing.

The second issue is that the subject did not receive notice of his hearing date nor a package of the warrant information to review prior to the hearing. The subject indicated that he was ready to defend himself and ready to proceed without having received notification of his hearing in advance nor of the parole violator packet and the charges against him. This examiner did allow him to fully review Charge No.1 as well as Supplemental Charge No. 5 and the backup information. The subject then indicated he wanted to proceed with today's hearing.

The subject also indicated that he did not want any adverse witnesses. However, later, during the hearing, he attempted to visit this issue indicating that he did want his ex-CSO (who is now a USPO) and the Supervising CSO who took the telephone from him and made a phone call, which then allegedly connected with his minor

**Johnson, James, Reg. No. 07561-016**                                    Page 2 of 6

daughter. This examiner overruled the subject's objection as he had the opportunity at the Probable Cause Hearing to request any adverse witnesses regarding Charge No. 1 and, he had the opportunity to request such witnesses when we began the hearing regarding Charge No. 5 since he had already reviewed the information in the warrant supplement. He did not do so at that point in time and desired to proceed with the hearing.

The subject objected to the fact that his Probable Cause Hearing was not held within 5 days. He was arrested on 8/17/05 and the Probable Cause Hearing was not held until 9/2/05. This examiner overruled the objection as Probable Cause has been found and I can find no prejudice to the subject by not holding that hearing in a timely fashion.

The subject also objected to the fact that he counts 106 days as the date from his warrant execution until the date of this hearing. He states that the Commission has 50-65 days to hold the hearing. When I asked him how this prejudiced him in his defense of the case, he indicated that he could not have his ex-CSO, Taburski present (this person is now a USPO). However, I overruled this objection as the ex-CSO was never requested as an adverse witness at the time of the Probable Cause Hearing.

The subject then objected stating that at the time of the Probable Cause Hearing the examiner never gave him nor his attorney the opportunity to request adverse witnesses as the examiner was going to recommend no probable cause finding on most of the charges and probable cause on one charge but the reinstatement to supervision. This examiner explained to the subject that it is their responsibility, his and his attorneys, to request adverse witnesses in the event that a charge may proceed to a Local Revocation Hearing stage. In this case, Charge No. 1 would have proceeded to the Local Revocation Hearing stage had the examiner's recommendation not be complied with and neither the subject nor his attorney requested an adverse witness in that event.

**Charges:**

**Charge No. 1 - Association with Person Having Criminal Record/Engaged in Criminal Activity.**
  **Evidence Presented:** The subject denied the above charge. The subject essentially states that a person named James Johnson may have been visiting other inmates in the jail but that this James Johnson was not him. He states that there is no evidence tying him directly to the person who was visiting in the jail.

  He does acknowledge that person was apparently entering with an investigators badge but he states that he had a different investigator's badge. He does acknowledge that this investigator's badge was confiscated by the CSO. CSO Hinton testified that the Associate Warden of the jail was contacted and she said that it was the subject who had entered the jail and had contact with numerous inmates on various dates. The identification was made when the CSO gave the Associate Warden the subject's DC No. and Register No. They then investigated that register number and then identified our subject as the person had been entering the institution.

  Consequently, this examiner does not find as credible the subject's explanation that it must have been some other James Johnson that was entering the institution but not him. This examiner believes that it is more likely than not that it is our subject who was entering the institution and having contact with the inmates in the institution.
  **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.

**Johnson, James, Reg. No. 07561-016**                                    **Page 3 of 6**

Basis: 6/16/05 Report from Supervising Officer Anthony Hinton and attached information and log sheet from the DC Department of Corrections.

**Charge No. 5 – Violation of Special Condition (Prohibited Contact with Minors).**
**Evidence Presented:** The subject denied the above charge. He stated that the phone that was confiscated from him was the property of the Public Defender Service. He states that he had just gotten the phone and that he had made no calls to a minor on that phone. He states that a person with a similar name was a secretary to one of the public defenders.

The phone was confiscated from the subject by the Probation Service. Under the Special Search Condition the Supervising Probation Officer to Mr. Hinton did examine his phone. He found a name and phone number on the phone that corresponded to the subject's daughter. Calls were made to and from the subject to that name and number on August 16th. This was the day before the phone was confiscated.

The Supervising Officer did phone that number and the subject's minor daughter answered. She denied that she spoke to the subject on that phone but stated that the day of his arrest, which would be August 17th, she did receive phone calls from the subject's girlfriend on that number.

This statement from the minor is an inconsistent statement with the dates of the phone calls in question, which were the day before, August 16th. This examiner believes it is more likely than not that our subject did have phone contact with his minor daughter at the number, which was programmed into his cell phone. Consequently, this examiner will be recommending a finding on this charge as it is a violation of his special condition.
**Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
**Basis:** 9/6/05 Violation Report from Supervising Officer Anthony Hinton and running record entry dated 8/19/05.

**Discipline:** None.

**Release Plans:** The subject states that he is in the process of buying a Condo and is afraid of losing this Condo. If he is released he plans to go live back in DC by himself in this Condo.

<u>Guideline Parameters</u>

**Severity Justification:**   Category One because it involved Administrative Violations.
**Salient Factor Score:**   2

**Re-parole Guideline Range:**............... 12-16

**Evaluation:** This examiner would note that the subject is a highly sophisticated individual who was extremely verbal during the hearing. He attempted to direct and control the hearing. This examiner had to remind him on a number of occasions and instruct him to be specific in his questioning and his answers. This examiner gave the subject ample opportunity to question the witnesses and to make his statements. Nonetheless, this examiner had to control the hearing and the processes during the hearing and there were occasions when I had to stop the subject and refocus the hearing.

The subject is a liturgist individual who will undoubtedly bring suit against the Parole Commission. Therefore, this examiner is making it very clear that it was the subject who requested to proceed with today's hearing without counsel. In fact, he first made this request when he was sitting in a waiting room and he loudly announced his request to me as I walked through the hall. He then made the request again sitting in a private room with me. Finally, he made the request in writing as well as verbally on tape. This examiner engaged in no corrosion relative to this situation and I acceded to his wishes and desires.

Similarly, when reading the opening statement, I made sure that the subject understood every section of that statement and that he indicated that he was willing, ready and prepared to proceed with today's hearing in spite of the fact that he had not been given advance written notice nor disclosure of the packet of material which we normally send in advance of a hearing.

Finally, the subject verbally waived any request for adverse witnesses to be present during the reading of the opening statement and he had previously waived adverse witnesses when he had his Probable Cause Hearing concerning Charge No. 1.

This examiner did seriously consider a decision above the guidelines significantly. This examiner sees the subject as a highly sophisticated individual who is bent on doing what he wants to do on supervision instead of what he is instructed to do.

This examiner firmly believes that the subject was the individual visiting the jail and other offenders. Further, this examiner believes that the subject was in contact with the minor and that the evidence to support that finding is conclusive evidence.

**Recommendation:** Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive parole on 12/16/06 after the service of 16 months.

**Conditions:** Special Drug Aftercare, Special Search Condition, Sex Offender Aftercare and GPS.

In addition the following:

**Other:** No Association or Contact of any kind with Minor Children, whether in your Residence, Employment, Social or Other Activities without the Approval of your Supervision Officer; You are Prohibited from Entering any Correctional Facility. All Employment must be Approved by your CSO, in writing, prior to engaging in that employment.


**Statutory Interim Hearing:** None.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

[Signature]

JSK/PAH


Johnson, James, Reg. No. 07561-016                Page 5 of 6

November 30, 2005

**Executive Reviewer's Comments:**