# Exhibit P

| | |
|---|---|
| U.S. Department of Justice<br>United States Parole Commission<br>5550 Friendship Boulevard<br>Chevy Chase, Maryland 20815-7201 | Notice of Action on Appeal |

Name:  Johnson, James                                    Institution:  D.C. Correctional Treatment Facility

Register Number:  07561-016                              Date:  February 17, 2006

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirmation of the previous decision.

**REASONS:**

In your appeal supplements received by the Commission on 12/5/05 and 1/18/06, you raise several due process claims, for which the National Appeals Board finds that you are not entitled to relief. The Board finds no merit in your claim that you incurred any prejudice as a result of the delay in holding your probable cause hearing. The file indicates that your probable cause hearing scheduled for 8/23/05 was rescheduled because you had not been brought to the hearing from CTF. On 8/26/05, you requested a continuance to request a private attorney. Your hearing was continued to 8/30/05, at which time your attorney stated that he could not represent you because he would testify as a voluntary witness at your probable cause hearing on the charge of Association with Persons having a Criminal Record. Your hearing was rescheduled for 9/2/05 so that you could secure representation from the D.C. Public Defender Service. On 9/2/05, you were advised that on 9/1/05 the public defender had stated that due to a conflict of interest, the Defender Service could not represent you. You had your hearing on 9/6/05.

The National Appeals Board also finds no merit in your claim that the Commission unreasonably denied your request for live testimony of certain witnesses at your probable cause hearing. The written statements you submitted were considered by the Commission and you have presented no evidence to indicate that you incurred any prejudice. Further, the Commission ultimately found that you committed the charged violations after a revocation hearing.

The National Appeals Board finds no merit in your claim that you were prejudiced by the delay in holding your revocation hearing. You received credit toward your reparole guidelines for your time in custody prior to your hearing.

You claim that you were not given notice of the supplemental charge. The file indicates that the Commission supplemented the warrant to add the charge of violating the no-contact condition on 9/13/05 and sent you a copy of the supplemental warrant, supporting documentation, and a letter dated 9/15/05.

You claim on appeal that you were denied due process, including notice of the date of the revocation hearing and the right to confront adverse witnesses. The National Appeals Board finds no merit in your claim. The examiner offered to continue the case because you had not received notice or disclosure and because you did not have an attorney present. The record indicates that you signed a written waiver of your right to counsel and wrote that you wished to proceed with your revocation hearing. You advised the examiner that you were not requesting adverse witnesses. The National Appeals Board finds that the

testimony presented by your current CSO and the supporting documentation were sufficiently reliable to make a finding on the charges.

All decisions by the National Appeals Board on appeal are final.

